HENRY LEHNDORF, Respondent, *v.* ABRAHAM SCHIELDS, Appellant.

### April 17, 1883.

1. WRITTEN CONTRACTS — ORAL TESTIMONY CONCERNING. — The omitted terms of a writing which shows on its face that it does not contain the entire contract may be supplied by oral proof.

2. CONTRACTS AGAINST PUBLIC POLICY. — A contract to procure bail for a person arrested for crime is not void as against public policy.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

SIDNEY K. SMITH, for the appellant.

WILLIAM S. STEWART, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff began this suit before a justice of the peace, alleging that the defendant, on December 11, 1879, in consideration of $250 paid to him by plaintiff, agreed and bound himself to procure such sureties as might be required upon appearance and appeal-bonds in certain proceedings relating to the lottery business, in which plaintiff was interested, up to January 6, 1880; that plaintiff paid the said sum of money to defendant, but the defendant had wholly failed and refused to perform the contract on his part. Wherefore plaintiff demanded judgment for a return of the money paid. The justice gave judgment for $250 against the defendant, who appealed to the circuit court, where the plaintiff got judgment for $225.

The defendant alleges that he undertook to furnish only one bond, and that he did furnish that one, wherefore he is not liable to the plaintiff's demand. A writing was exhibited in evidence, as follows: " St. Louis, Dec. 11, 1879. I hereby agree to procure bond in the prosecution of lottery business of which Henry Lehndorf is manager, up to Jan. 6, 1880. A. Schields." This paper shows on its face that it does not contain the entire contract. Neither the consideration, nor the person to whom the promise is made, appears. The omitted terms were properly supplied by oral testimony, which explained also to what prosecutions the agreement applied, and what sort of bonds were intended. It was manifestly the understanding of the parties that the word " bond " in the singular form of expression, was used in the general sense of *security*, and was meant to cover as many bonds as might be required, up to the date specified. It appeared in testimony that " several " bonds were so required, but the defendant furnished only one. He refused to furnish any more, " because," as he said, " this court would not accept his man

on any more bonds." The defence on this ground has no merit.

The defendant argues that the contract was void, as being immoral and against public policy, in its tendency to procure the release of persons arrested for violations of law. It is a fundamental principle, that an act which in itself is lawful, cannot be adjudged void, because done with a corrupt or immoral motive. A man may marry a woman from the basest motives of gain, or for criminal ulterior purposes shared in by both. Yet the marriage will stand as firmly as if there no such motives or purposes. A contract to do an unlawful act is a very different thing. But, even here, the law is so chary of abrogating contracts upon such considerations, that, as was said by Lord Abinger in *Lewis* v. *Davison* (4 Mee. & W. 653), " when the act which is the subject of the contract may, according to the circumstances, be lawful or unlawful, it will not be presumed that the contract was to do the unlawful act ; the contrary is the proper inference." The procuring or giving of bail for an arrested person is, in every sense, a lawful act. It is identified with the policy of the law which presumes every man innocent until proved to be guilty, and which abhors personal restraint without conviction, when not necessary to secure the presence of the accused for trial. Bail is the method provided by the law, and therefore satisfactory to the law, as a substitute for imprisonment. It involves a contradiction in terms, to say that to procure or furnish that for which the law distinctly provides, will violate the policy of the law. No case can be found in which bail, for a bailable offence, was refused on the ground that the prisoner might abuse his liberty by repeating his crime. If it is proper for a court to accept bail, notwithstanding such a possibility, how can it be improper to furnish, or to agree to furnish, bail under the same conditions? And yet this is the consideration which defendant's counsel here emphasizes against the va-

ladity of the contract sued on ; although not a line in the record shows that bail was to be procured for the understood purpose of enabling arrested persons to persist in wrong-doing. That purpose is ingeniously guessed at. The guessing, however, is in direct antagonism with established legal presumptions, as we have already sufficiently shown. We cannot review the finding of the fact as to the amount of the plaintiff's damages. All the judges concur in affirming the judgment.