S. W. HUTCHINSON, Appellant, v. W. DORNIN, Respondent.

St. Louis Court of Appeals, December 7, 1886.

1. PROMISSORY NOTE—CONSIDERATION.—In an action on a promissory note by the payee against the maker, proof that the note was given in part payment of expenses incurred in defending persons charged with crimes, does not make out the defence of illegal consideration.

2. —— The consideration of the note being contested, an admission by the maker that he was indebted to the payee, coupled with a denial that the note was given on account of such indebtedness, will not authorize the court to render a judgment for the payee as a matter of law.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed and remanded.*

ELLERBE & HICKS, for the appellant: There was nothing unlawful in the agreement. *Lehnsdorf v. Shields*, 13 Mo. App. 487.

ROWE & MORRIS, for the respondent: Where the contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will

not lend its aid to enforce it. *Armstrong v. Toler*, 11 Wheat. 279 ; *Buckingham v. Fitch*, 18 Mo. App. 99.

ROMBAUER, J., delivered the opinion of the court.

This is a suit upon a promissory note by the payee against the maker. The defence is want of consideration and illegal consideration. There was judgment for the defendant in the court below.

The testimony tended to show that the plaintiff and the defendant had been jointly engaged in the illegal business of selling lottery tickets. That in December, 1882, they abandoned the further prosecution of their business, and had a settlement resulting in a credit balance of six hundred dollars, of which each party was entitled to one-half. That thereafter criminal prosecutions were instituted against certain persons theretofore employed by the plaintiff and the defendant as ticket sellers, and the plaintiff and the defendant, considering themselves under a moral obligation to defend their former employes, agreed that the sum of six hundred dollars, above mentioned, should be used for that purpose, and it was turned over to the plaintiff to be thus used.

The testimony tended to show further, that the defendant authorized the plaintiff to expend on their joint account all sums necessary for the defence of these persons, and that the plaintiff did, in fact, expend for that purpose $1458.25, being $858.25 in excess of the said sum of six hundred dollars, and that he had not been reimbursed by the defendant, any part of such excess, at the date of the note in controversy.

The plaintiff testified that the note in suit was given to reimburse him in part for the expenditures thus made by him, while the defendant testified that he had never authorized the plaintiff to expend more than the six hundred dollars above mentioned, and that the note was given as a mere accommodation to the plaintiff, and had nothing to do with the transactions above mentioned.

This being substantially all the testimony, the plaintiff asked the court to give the following instruction to the jury:

"The court declares the law to be that, if it appears from the evidence that the plaintiff expended a sum of money in payment of fees for attorneys engaged in defending certain persons charged with a criminal offence, and in payment of court costs and fines imposed in such cases, and that such expenditure was made in pursuance of and under an agreement between plaintiff and defendant that such expenditures should be made, and that defendant would bear one-half thereof, and reimburse the plaintiff to that extent; and if the note sued on was made by the defendant and delivered to the plaintiff, on account of and for a portion of the defendant's share of such expenditure, and in consideration thereof, then the finding should be for the plaintiff, although it appears also from the evidence that the plaintiff and the defendant had been engaged in an illegal lottery business, which had been abandoned by them prior to such expenditures, and that the offence charged against such persons was the selling of tickets theretofore issued in the course of said lottery business."

The court refused this instruction, and at the instance of the defendant, instructed the jury in substance that the plaintiff could not recover if the consideration of the note was money expended in defending the former employes of the parties, and paying the fines imposed on them.

This action of the court is assigned for error by the appellant.

The instruction asked by plaintiff states the law correctly and should have been given. The proposition contended for by the defendant, that a contract, though it be a new contract, is void if connected with an illegal transaction and growing immediately out of it, is not

Vol. xxiii—37

denied, but finds no application in this case. The case finds that the illegal transactions had been consummated, and their further continuance had been abandoned. The agreement on the part of the plaintiff and the defendant, to defend their agents, who had become liable to certain penalties owing to their former employment, was no part of the scheme of embarking in the illegal sale of tickets, as far as the record discloses. The agreement to defend these men at joint expense, was an agreement to do a thing prohibited by neither the letter nor the policy of the law. It does not even appear that the agreement was entered into with a corrupt motive, although even if such were the case, that fact would not make it illegal. *Lehndorf v. Schields*, 13 Mo. App. 488.

We are asked by the appellant to enter judgment in his favor in this court. The record does not admit of that disposition of the case. In order to enable us to do so it should appear by the uncontroverted facts, not only that the defendant was indebted to the plaintiff at the date when the note was given, but also that the note was given on account of such indebtedness. This last proposition is likewise controverted by the defendant, and must be submitted to the triers of the fact, under appropriate instructions.

The date of the note sued on is given in the transcript as February 11, 1874, instead of 1884, but as the parties in their statements, arguments, and instructions, assumed that 1884 is the correct date, we felt justified to assume that the date in the transcript is a clerical error.

The judgment is reversed and the cause remanded. All the judges concur.